(18 Misc. Rep. 603.)

GOODWIN v. McKEEVER et al.

(City Court of New York, General Term. December 12, 1896.)

EVIDENCE—SUFFICIENCY.

　　Joint ownership by defendants of land surveyed by plaintiff, so as to render them all liable for the cost of the survey, is sufficiently shown by testimony that, while title was taken in the name of one, each agreed to pay one-fourth of the price; and that, while plaintiff was surveying it, one of the defendants, in the presence of the others, stated that they were joint owners, and made suggestions about the survey; and testimony of the defendant in whose name title was taken that they were all equally interested in the land, and that he was the agent of all in the management of the property, each contributing a proportionate share of the expenses.

Appeal from judgment on report of referee.

Action by Frank W. Goodwin against Daniel McKeever and others. From a judgment for plaintiff, entered on the decision of a referee, defendants appeal. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and O'DWYER, JJ.

Geo. O'Reilly and Benj. Yates, for appellants.

Samuel Noyes, for respondent.

VAN WYCK, C. J. The action is to recover for services performed by a civil engineer and surveyor in making maps, plans, and surveys to locate streets and lots on an 1,100-acre tract of land at Nantucket, Mass., owned jointly by the defendants, and which they were developing into city lots. The plaintiff's proof is so overwhelming that it would have been reversible error for the referee to have found that the defendants were entitled to the judgment. The appellants contend that the evidence does not show the liability of any of the defendants except McKeever, nor that defendants were the joint owners of the tract of land upon which the work was performed, nor that a partnership or joint enterprise of the defendants existed. However, plaintiff's witness Appleton testified, at folio 79, that each defendant, in his and each other's presence, agreed that if defendant McKeever gave his check for $5,000, the cash part of the purchase price of $30,000, they would pay their proportionate share, each one-quarter. And plaintiff's assignor, at folio 103, says that, while he was at work upon the land, the defendants came there, and examined the plans, and made suggestions; and one of them, in the presence of the others, told him that they were joint owners of the land, each having a fourth interest in it. And the defendant McKeever himself testified, at folio 152, that, in the transfer of this property,—the purchase of this property,—the title was taken in his name, acting for himself and the other three defendants, and each was equally interested to the extent of one-quarter in this property, and that these three defendants delegated to him the agency and authority to represent their interests, as well as his own, in all that was done in connection with this property; that he represented his co-defendants besides himself; and that they contributed to the expenses of running the property, and carrying it on. They contributed each one-quarter share to all expenses. The plaintiff's proof shows that his services were worth the price sued for, that he performed, at the request of defendants, upon property of which they were the joint owners.

Judgment affirmed, with costs. All concur.